UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. MENDOZA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AARON ZAMBRANO, et al.,<br><br>　　　　Defendants. | Case No. 4:16-cv-06455-KAW<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND; ORDER GRANTING IFP APPLICATION; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. Nos. 1 & 2 |

The Court has received Plaintiff's complaint and application to proceed *in forma pauperis*, both filed on November 4, 2016. The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a). The *in forma pauperis* statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

The Court finds that Plaintiff is unable to prepay the filing fee, and GRANTS the application to proceed *in forma pauperis*.

Plaintiff's complaint, however, is deficient and must be amended for the reasons set forth below:

1.　While Plaintiff's complaint attempts to describe the events that triggered the lawsuit, it is unclear whether he is seeking relief under the correct legal theories. Plaintiff must clearly identify the causes of action he is alleging, which defendant(s) each cause of action is against, and the facts supporting each cause of action. Thus, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

2. Each allegation in the complaint must be contained in numbered paragraphs. Fed. R. Civ. P. 10(b). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.*

Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the Court DISMISSES the complaint with leave to amend. Plaintiff shall file an amended complaint no later than **January 13, 2017**. Failure to file a first amended complaint by this date may result in the case being dismissed with prejudice.

In amending his complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make an appointment with a licensed attorney. Plaintiff is advised that the staff attorney cannot represent him, but may provide him guidance in amending his complaint. Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

Plaintiff should be aware that an amended complaint will supersede or replace the original complaint, and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n. 40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The first amended complaint must, therefore, be complete, in itself, without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Additionally, the Case Management Conference scheduled for February 7, 2017 is continued to **April 11, 2017** at 1:30 p.m. at 1301 Clay Street, Oakland, California. The case management conference statement is due April 4, 2017.

IT IS SO ORDERED.

Dated: November 22, 2016

_Kandis Westmore_
KANDIS A. WESTMORE
United States Magistrate Judge

2