1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANTHONY M. MENDOZA,

Plaintiff,

v.

AARON ZAMBRANO, et al.,

Defendants.

Case No.  4:16-cv-06455-KAW

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS; ORDER
DISCHARGING ORDER TO SHOW
CAUSE**

Re: Dkt. Nos. 11 & 25

On April 3, 2017, Defendants 24/7 Rooter & Plumbing Services, Inc., Aaron Zambrano,

and Rey Zambrano filed a motion to dismiss Plaintiff Anthony Mendoza's first amended

complaint on the grounds that the complaint fails to state a claim upon which relief can be granted.

(Defs.' Mot., Dkt. No. 11.)  Plaintiff failed to timely file an opposition, and the Court issued an

order to show cause on April 26, 2017. (Dkt. No. 25.)

On June 15, 2017, the Court held a hearing, and, after careful consideration of the parties'

arguments and the applicable legal authority, for the reasons set forth below, GRANTS

Defendants' motion to dismiss with leave to amend.

**I.    BACKGROUND**

Plaintiff Anthony Mendoza alleges that Defendants 24/7 Rooter & Plumbing Services,

Inc., Aaron Zambrano, and Rey Zambrano violated the Fair Labor Standards Act ("FLSA") during

the course of his employment.  Plaintiff worked for Defendants as a plumber from January 1, 2016

to April 1, 2016, and from August 1, 2016 to October 7, 2016. (First Am. Compl., "FAC," Dkt.

No. 6 ¶ III.B-C.  His duties included, but were not limited to, going to addresses as directed by

management, analyzing and troubleshooting problems, providing options to clients, repairing and

replacing plumbing, applying for permits if required, and collecting money for the services

United States District Court
Northern District of California

1    provided. (FAC ¶ III.C.)  Plaintiff was originally compensated in the amount of 25% of the job

2    completed, but in March 2016, his employers changed the compensation structure to 15% of the

3    job, plus $13 per hour. (FAC ¶ III.D.) However, if 25% of the job was more money, the employee

4    was paid the higher amount. *Id.*  Plaintiff alleges that he worked 50 hours per week. (FAC ¶ III.E.)

5    Plaintiff alleges that he was unlawfully terminated on October 7, 2016. (FAC ¶ F.3.)

6           On January 12, 2017, Plaintiff filed the first amended complaint.  On April 3, 2017,

7    Defendants filed a motion to dismiss. (Defs.' Mot., Dkt. No. 11.)  Plaintiff did not file a timely

8    opposition, so the Court issued an order to show cause on April 26, 2017, and advised Plaintiff

9    that the Federal Pro Bono Project's Help Desk was available to assist him in complying with the

10   order to show cause. (4/26/17 Order to Show Cause, Dkt. No. 25.)  The order to show cause was

11   returned by the U.S. Postal Service as undeliverable. (Dkt. No. 26.)[1]

12          On May 23, 2017, Plaintiff filed an untimely opposition, but did not respond to the order to

13   show cause. (Pl.'s Opp'n, Dkt. No. 28.)  Plaintiff also improperly attached exhibits to his

14   opposition, which are stricken.  On May 24, 2017, Defendants filed their reply. (Defs.' Reply, Dkt.

15   No. 29.)

16                                    **II.    LEGAL STANDARD**

17          The Federal Rules of Civil Procedure require a complaint to contain "a short and plain

18   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Pro. 8(a)(2).

19   However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more

20   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

21   do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007) (quoting *Conley v. Gibson*, 355 U.S.

22   41, 47, (1957)).

23          Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based

24   on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule

25   12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250

26

27   _____

28   [1] Other mail from the court, including the ADR Clerk's Notice Setting ADR Phone Conference,
     have also been returned as undeliverable, indicating that Plaintiff cannot reliably receive mail at
     his address of record. (*See* Dkt. No. 31.)

United States District Court
Northern District of California

1    F.3d 729, 732 (9th Cir. 2001).

2         In considering such a motion, a court must "accept as true all of the factual allegations

3    contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation

4    omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or

5    there is an absence of "sufficient factual matter to state a facially plausible claim to relief."

6    *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing

7    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation

8    marks omitted).

9         A claim is plausible on its face when a plaintiff "pleads factual content that allows the court

10   to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*,

11   556 U.S. at 678 (citation omitted).  "Threadbare recitals of the elements of a cause of action" and

12   "conclusory statements" are inadequate.  *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy*

13   *Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted

14   inferences are insufficient to defeat a motion to dismiss for failure to state a claim.").  "The

15   plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

16   possibility that a defendant has acted unlawfully . . .  When a complaint pleads facts that are

17   merely consistent with a defendant's liability, it stops short of the line between possibility and

18   plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557)

19   (internal citations omitted).

20        The Court has an obligation to construe pro se pleadings liberally "to afford the petitioner

21   the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (discussing post-

22   *Iqbal* pleading standards).  Despite the flexible pleading policy of the Federal Rules of Civil

23   Procedure, a complaint must give fair notice and state the elements of the claim plainly and

24   succinctly. *See Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  A

25   plaintiff must allege with at least some degree of particularity overt facts which a defendant

26   engaged in to support the plaintiff's claim. *Id.* at 649.

27        Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no

28   request to amend is made "unless it determines that the pleading could not possibly be cured by

1   the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations

2   omitted).

### III.   DISCUSSION

#### A.   Failure to Satisfy Pleading Standards

5   Defendants move to dismiss all claims on the grounds that the first amended complaint

6   fails to satisfy Rule 8. (Defs.' Mot. at 1.)  Rule 8 requires "a short and plain statement of the claim

7   showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).  Here, the operative

8   complaint does not clearly identify the purported claims, violations, or even provide a formulaic

9   recitation of the elements of each cause of action, which would still be insufficient to withstand a

10  motion to dismiss under Rule 12(b)(6). See *Twombly*, 550 U.S. at 555.

11  The operative complaint also does not plainly and succinctly identify the transaction or

12  occurrence giving rise to each legal claim and the facts that support the elements of that claim.

13  For example, it is unclear whether Plaintiff alleges unpaid overtime in violation of FLSA.  As

14  such, the complaint fails to plead sufficient facts of Defendants' purported wrongdoing to provide

15  fair notice of the claims alleged against them and the grounds upon which those claims rest.

16  Accordingly, as currently pled, the first amended complaint is wholly insufficient and must

17  be amended to comply with the *Iqbal-Twombly* pleading standard.  The second amended

18  complaint should clearly delineate each legal claim, and state facts indicating the nature and

19  grounds for each claim.  Specifically, each cause of action should clearly state the alleged

20  violation, the statutory authority, the date on which the incident occurred, who was involved, the

21  facts, and how the claim satisfies the elements rendering it a viable cause of action.

22  Additionally, the amended complaint must also comport with Rule 10(b) of the Federal

23  Rules of Civil Procedure, such that each paragraph must be separately numbered.  Plaintiff's first

24  amended complaint runs afoul of this requirement.

#### B.   Failure to State a Claim under Federal Rule 12(b)(6)

26  Alternatively, Defendants move to dismiss all claims on the grounds that they are

27  insufficiently pled. (Defs.' Mot. at 1.)  The Court agrees, and will address each cause of action.

28  ///

United States District Court
Northern District of California

4

### i.     First Cause of Action

Plaintiff's first cause of action appears to allege a violation of the Fair Labor Standards Act. (FAC ¶ F.1.)  While FLSA is codified in 29 U.S.C. §§ 201-209, the code sections pled, 29 U.S.C. §§ 204-205, are incorrect.  Notwithstanding, Plaintiff generally alleges that during all dates of his employment, Defendants "Aaron and Rey Zambrano failed to provide a valid notice to employee including accurate employee info, deductions, and contact info, leading to a[n] amount of no less than $18,000 in lost wages." *Id.* Plaintiff has not clearly identified a claim or the statutory bases upon which he can recover.  It is also unclear whether he is alleging that he was furnished with inaccurate pay stubs under California law or if he is alleging an unpaid overtime violation under FLSA.  Indeed, Plaintiff's opposition indicates that this claim is, in part, for unpaid overtime. (*See* Pl.'s Opp'n at 2.)

Accordingly, Plaintiff is granted leave to amend the first cause of action to specify the nature of the claims and sufficient facts to that wou`ld entitle him to relief.

### ii.     Second Cause of Action

Plaintiff's second cause of action is for an unsafe working environment, which allegedly resulted in Plaintiff's on-the-job injury. (FAC ¶ F.2.)  Plaintiff claims to have sustained an injury on August 22, 2016 at 1208 Delores St., San Francisco, CA. *Id.*  Plaintiff does not specify how his working conditions were unsafe or how that unsafe condition led to his injury.  Again, Plaintiff does not cite a correct statute to allege such violations.  In opposition, Plaintiff clarifies that there was an OSHA violation, and that he is alleging that Defendants were negligent for denying Plaintiff medical care. (Pl.'s Opp'n at 2.)  Again, as plead, Plaintiff's claim does not identify an appropriate statutory authority nor contain sufficient facts that, if true, would state a cause of action.

Accordingly, the second cause of action is dismissed with leave to amend.

### iii.     Third Cause of Action

Plaintiff's third cause of action is for wrongful termination under Title VII, OSHA, and FLSA. (FAC ¶ F.3)  Plaintiff alleges that Defendants Aaron and Rey Zambrano wrongfully terminated Plaintiff on October 7, 2016 for exercising his legal right to request medical attention

1    in regards to the work-related injury sustained on August 22, 2016. *Id.*

2         The third cause of action suffers from the same deficiencies as the others in that Plaintiff

3    fails to identify the facts to allege that he was terminated in violation of any of those statutes.

4    Plaintiff must separately allege violations of each statute, and include facts that would state a

5    cause of action under each applicable statute.

6         Accordingly, this cause of action is dismissed with leave to amend, and is encouraged to

7    obtain assistance from the Federal Pro Bono Project's free Help Desk.

8    **C.     Responses to the Order to Show Cause**

9         Plaintiff did not timely file an opposition to the motion to dismiss, so the Court issued an

10   order to show cause, which required that Plaintiff file an opposition and a separate response to the

11   order to show cause by May 17, 2017.  Plaintiff did not file an opposition until May 23, 2017.

12   (Dkt. No. 28.)  He did not file a response to the order to show cause, likely due to the fact that the

13   order was returned by the U.S. Postal Service as undeliverable. (*See* Dkt. No. 26.)

14        At the hearing, Plaintiff explained that he had moved and did not update his address with

15   the Court, but would do so immediately following the hearing.  The Court advised Plaintiff that he

16   has a continuing obligation to keep the Court informed of his current address, and that the failure

17   to do so may result in the dismissal of his case.

18        Accordingly, the order to show cause is discharged, and Plaintiff is advised that he is

19   obligated to meet deadlines in this case, and any future failures to timely respond could result in

20   his case being dismissed with prejudice for failure to prosecute.

21   **IV.     CONCLUSION**

22        In light of the foregoing, Defendants' motion to dismiss the first amended complaint is

23   GRANTED as to all causes of action.  Plaintiff shall file a second amended complaint on or before

24   **July 13, 2017**, which must clearly identify the correct statutory authority and specify the facts

25   supporting each cause of action.  Failure to timely file a second amended complaint that complies

26   with this order may result in the dismissal of this action.

27        Plaintiff is advised that the second amended complaint will supersede or replace all

28   previous complaints and those complaints will be treated as nonexistent. *Armstrong v. Davis*, 275

United States District Court
Northern District of California

6

1  F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499

2  (2005).  The second amended complaint must therefore be complete in itself without reference to

3  the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which

4  are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

5  1987) (citations omitted).

6          In amending his complaint, Plaintiff is advised to contact the Federal Pro Bono Project's

7  Help Desk—a free service for pro se litigants—to make an appointment by calling (415) 782-

8  8982.  He should bring a copy of this order and his first amended complaint to the appointment.

9  Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in

10  presenting their case. This manual, and other free information for pro se litigants, is available

11  online at: *http://cand.uscourts.gov/proselitigants.*

12          Additionally, the July 25, 2017 case management conference is continued to September 26,

13  2017 at 1:30 p.m. in Courtroom 4, 1301 Clay Street, Oakland, California.  Case management

14  conference statements are due on or before September 19, 2017.

15          IT IS SO ORDERED.

16  Dated: June 16, 2017

17                                                    _____
                                                        KANDIS A. WESTMORE
18                                                      United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

7