UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY M. MENDOZA,<br><br>Plaintiff,<br><br>v.<br><br>AARON ZAMBRANO, et al.,<br><br>Defendants. | Case No. 4:16-cv-06455-KAW<br><br>**ORDER DISMISSING CASE**<br><br>Re: Dkt. No. 44 |

Plaintiff Anthony Mendoza, proceeding pro se, filed this lawsuit alleging wage and hour violations under the Fair Labor Standards Act. On July 12, 2017, Plaintiff filed a second amended complaint, in which he alleges disability discrimination under the Americans with Disabilities Act. (Dkt. No. 36.) On July 26, 2017, Defendants filed a motion to dismiss the second amended complaint. (Dkt. No. 38.) Pursuant to Civil Local Rule 7-3, with an additional three days for mailing, Plaintiff's opposition was due on August 14, 2017.

On August 24, 2016, the Court issued a second order to show case to Plaintiff to explain why his case should not be dismissed for failure to prosecute, and to file an opposition to the motion to dismiss on or before September 5, 2017. Plaintiff was advised that the

> [f]ailure to timely respond to this order to show cause may result in the dismissal of this action for failure to prosecute. *See* Judge Westmore's General Standing Order ¶ 22 ("The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion").

*Id.* at 1-2. Plaintiff was also again advised that he could obtain assistance at no cost from the Federal Pro Bono Project's Help Desk. *Id.* at 1. To date, Plaintiff has not filed a response to the order to show cause; he has not filed an opposition to the pending motion to dismiss; and he has

not otherwise communicated with the Court.

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of an action or claim for a plaintiff's failure to prosecute. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962) ("authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power'"). Unless otherwise stated, a dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

In light the foregoing, the case is dismissed for failure to prosecute. Specifically, the dismissal is with prejudice as to the alleged wage and hour violations under the Fair Labor Standards Act, because Plaintiff abandoned those claims when he filed the second amended complaint, and is without prejudice as to the alleged violations of the Americans with Disabilities Act.

IT IS SO ORDERED.

Dated: September 14, 2017

KANDIS A. WESTMORE
United States Magistrate Judge